1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

16

17

18

| | |
|---|---|
| CODY R HART, DERRILL FUSSELL, KEVIN EWING, TIMOTHY GARRISON, STEVEN RINDAL, and KATHY LAFRENIERE,<br><br>Plaintiffs,<br><br>v.<br><br>SKAGIT COUNTY COMMISSIONERS, RONALD WESEN, PETER BROWNING, LISA JANICKI, COUNTY OF SKAGIT, and RLI INSURANCE COMPANY,<br><br>Defendants. | CASE NO. 2:23-cv-309<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

19

20

21

22

23

24

This matter comes before the Court on Defendants' Motion to Dismiss (Dkt. No. 10).

Though Plaintiffs did not file a Response under case number 2:23-cv-309, they did in 2:23-cv-

311 (Dkt. No. 14), and 2:23-cv-312 (Dkt. No. 21), which the Court considered. Having reviewed

the Motion, the Responses, and the Reply (Dkt. No. 22), the Court GRANTS the Motion and

DISMISSES the case without prejudice.

**BACKGROUND**

Plaintiffs allege that the Defendants, all of whom are Skagit County employees, failed to timely file or renew their official bond, which is required as part of their obligations for their respective roles in the County government. (Complaint at 4-5 (Dkt. No. 1).) As a result of this oversight, Plaintiffs claim that Defendants acted in their official duties in violation of state and federal law and have vacated their offices. (Id. at 5-7.) Defendants now move to dismiss Plaintiffs' complaint.

**ANALYSIS**

Defendants move to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, as well as Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss for lack of subject matter jurisdiction. Once a defendant does so, the opposing party bears the burden of establishing the court's jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). In contrast, a motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

**A.      Plaintiffs Lack Standing**

Defendants' main argument in their Motion to Dismiss is that the Plaintiffs lack standing to bring the suit. The Court agrees.

Article III of the Constitution limits the jurisdiction of federal courts to actual "cases" and "controversies." U.S. Const. art. III, § 2. "One element of the case-or-controversy requirement is

1   that plaintiffs must establish that they have standing to sue." <u>Clapper v. Amnesty Int'l USA</u>, 568

2   U.S. 398, 408 (2013) (internal quotation and citation omitted). To establish standing "a plaintiff

3   must show (1) [they have] suffered an injury in fact that is (a) concrete and particularized and (b)

4   actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the

5   challenged action of the defendant and (3) it is likely, as opposed to merely speculative, that the

6   injury will be redressed by a favorable decision." <u>Friends of the Earth, Inc. v. Laidlaw Envt'l.</u>

7   <u>Serv. Inc.</u>, 528 U.S. 167, 180-81 (2000). "The plaintiff, as the party invoking federal jurisdiction,

8   bears the burden of establishing these elements." <u>Spokeo, Inc. v. Robins</u>, 578 U.S. 330, 338

9   (2016). "[A]t the pleading stage, the plaintiff must clearly allege facts demonstrating each

10  element." <u>Id.</u> (internal quotation and citation omitted).

11        Defendants argue that Plaintiffs fail to allege any injury in fact. The Court agrees. A

12  review of Plaintiffs complaint shows that Plaintiffs have not alleged any injury aside from a

13  generalized grievance, which is insufficient. <u>See</u> <u>Carney v. Adams</u>, 208 L. Ed. 2d 305, 141 S. Ct.

14  493, 499 (2020) ("a plaintiff cannot establish standing by asserting an abstract general interest

15  common to all members of the public . . .") For this reason, the Court GRANTS Defendants'

16  Motion to Dismiss for lack of subject matter jurisdiction without prejudice.

17        Defendants also argue the Court should abstain from hearing the case under the Colorado

18  River doctrine because it duplicates an action in Snohomish County. However, the Court cannot

19  abstain from a case that it does not have jurisdiction over. Therefore, the Court declines to make

20  a determination on this argument.

21

22

23

24

1  **B.      Defendants' Remaining Arguments**

2              1.       Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)

3       Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss a complaint for "failure to state a

4  claim upon which relief can be granted." In ruling on a motion to dismiss, the Court must

5  construe the complaint in the light most favorable to the non-moving party and accept all well

6  pleaded allegations of material fact as true. Livid Holdings Ltd. v. Salomon Smith Barney, Inc.,

7  416 F.3d 940, 946 (9th Cir. 2005); Wyler Summit P'ship v. Turner Broad. Sys., 135 F.3d 658,

8  661 (9th Cir. 1998). Dismissal is appropriate only where a complaint fails to allege "enough facts

9  to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544,

10 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows

11 the court to draw the reasonable inference that the defendant is liable for the misconduct

12 alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

13      Though the Court is dismissing Plaintiffs' Complaint for lack of standing, it would also

14 appear that Plaintiffs will run into Rule 12(b)(6) issues even with an amended complaint. For

15 instance, Plaintiffs' third and sixth claims are criminal statutes. (Complaint at 6, 7.) Plaintiffs are

16 unable to bring a private right of action based on a criminal statute. Aldabe v. Aldabe, 616 F.2d

17 1089, 1092 (9th Cir. 1980) (finding that criminal provisions provide no basis for civil liability).

18 This means that even if Plaintiffs had standing, they would be unable to bring these claims.

19      Additionally, Plaintiffs' second and seventh claims are brought under RCW 42.08.020

20 and RCW 42.08.030 respectively. (Complaint at 5-6, 7.) While RCW 42.08.020 allows for a

21 private right of action by an individual injured by official misconduct or neglect of duty that led

22 to the forfeiture of an official bond, RCW 42.080.030 first requires that individual to seek the

23 leave of a court in order to bring a cause of action. Plaintiffs here are seeking the leave of this

24

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 4

1   Court to bring the action in the very complaint in which the claims are brought. Plaintiffs need to

2   first seek leave of the Court to bring the action and only upon a granting of that leave are

3   Plaintiffs allowed to bring their claims. The Court encourages Plaintiffs to look at the language

4   contained in RCW 42.08.030 before filing an amended complaint.

**CONCLUSION**

6       Because the Plaintiffs have failed to allege any injury in fact, the Court GRANTS

7   Defendants' Motion to Dismiss. The action is dismissed without prejudice. Freeman v. Oakland

8   Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir. 1999) ("Dismissals for lack of jurisdiction should

9   be . . . without prejudice so that a plaintiff may reassert his claims in a competent court.")

10  Plaintiffs have thirty (30) days to file an amended complaint that fixes the issues discussed in this

11  Order.

12      The clerk is ordered to provide copies of this order to all counsel.

13      Dated May 18, 2023.

14

15                                              Marsha J. Pechman
                                                United States Senior District Judge

16

17

18

19

20

21

22

23

24

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 5