UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CODY HART, DARRILL FUSSELL, KEVIN EWING, TIMOTHY GARRISON, STEVEN RINDAL, and KATHY LAFRENIERE,<br><br>Plaintiffs,<br><br>v.<br><br>SKAGIT COUNTY COMMISSIONERS, RONALD WESEN, PETER BROWNING, LISA JANICKI, and RLI INSURANCE COMPANY,<br><br>Defendants. | CASE NO. 2:23-cv-309<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR DISCIPLINARY ACTION |

This matter comes before the Court on Plaintiffs' Motion for Disciplinary Action for Defense Attorneys Richard Weyrich and Erik Pederson. (Dkt. Nos. 27, 29.) Having reviewed the motions, the Responses (Dkt. Nos. 34, 36), and all other supporting material and documents, the Court DENIES the Motions.

**BACKGROUND**

Pro se Plaintiffs commenced this action against several Skagit Valley Commissioners, claiming that because the Commissioners allegedly did not file an official bond within the timeframe required, they vacated their offices. (Complaint at 4-5 (Dkt. No. 1).) Shortly after filing the Complaint, Erik Pederson, a Skagit County Prosecuting Attorney for the civil division, appeared as counsel on behalf of the Commissioners. (See Dkt. No. 7.) Plaintiffs now bring two motions for disciplinary action against Pederson and Skagit Valley Prosecuting Attorney Richard Weyrich arguing that the two attorneys do not have legal authority to represent the Commissioners and presented arguments without legal support.

**ANALYSIS**

Between the two motions, Plaintiffs bring eight causes of action. They all fail. As an initial matter, the Court interprets Plaintiffs' motions for disciplinary action as motions for sanctions under Federal Rule of Civil Procedure 11 and motions to disqualify.

A Rule 11 sanction is an extraordinary remedy that should be exercised with extreme caution. Operating Eng'rs. Pension Trust v. A-C Co., 859 F.2d 1336, 1345 (9th Cir. 1988). Rule 11 authorizes sanctions for the filing of papers that are frivolous, intended to harass, or lacking in factual or legal support. Warran v. Guelker, 29 F.3d 1386, 1388 (9th Cir. 1994). Sanctions are reserved "for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." Operating Eng'rs. Pension Trust, 859 F.2d at 1344.

"In determining whether an attorney's representation of a particular client violates the attorney's ethical responsibilities, the [c]ourt first refers to the local rules regulating the conduct of members of its bar." United States ex rel. Lord Elec. Co., Inc. v. Titan Pac. Constr. Corp., 637

F. Supp. 1556, 1560 (W.D. Wash. 1986); In re Cnty of L.A., 223 F.3d 990, 995 (9th Cir. 2000) (stating that motions to disqualify counsel are decided under state law). Attorneys practicing in the Western District of Washington must abide by the "Washington Rules of Professional Conduct, as promulgated, amended, and interpreted by the Washington State Supreme Court . . . and the decisions of any court applicable thereto." Local Rules W.D. Wash. LCR 83.3(a).

In the instant motions, Plaintiffs ask the Court to take disciplinary action against Weyrich and Pederson by disbarring them and referring them for criminal prosecution. Plaintiffs' basis for this extreme request are allegations that Weyrich and Pederson (1) fraudulently represented they had legal authority to represent the Commissioners, (2) presented arguments "they had no legal evidentiary support to provide" (Dkt. No. 27 at 3); (3) engaged in racketeering; and (4) violated Local Rule 83.3, Standards of Professional Conduct. Plaintiffs also claim that Pederson is also a witness likely to be called at trial, and that because of this and the fact that Weyrich supervises him, the two have repeatedly violated the Rules of Professional Conduct. (Dkt. No. 29 at 3.)

All of Plaintiffs' claims fail. Plaintiffs fail to put forth any facts or evidence to substantiate their allegations. In fact, both motions are entirely conclusory allegations with no factual support. Plaintiffs' entire motions seemingly hinge on the fact that Pederson appeared on behalf of the Commissioners on March 24, 2023, but Skagit County did not authorize him to represent the Commissioners formally until April 17, 2023 when the County voted and passed a resolution. (See Exhibit 1 (Dkt. No. 27-1).) As Defendants rightfully point out, County Commissioners cannot unilaterally hire another attorney because "county boards of commissioners do not possess statutory authority to appoint outside counsel over the objection of an able and willing prosecuting attorney." State ex rel. Banks v. Drummond, 87 Wn.2d 157, 182

(2016) as amended (Feb. 8. 2017). Therefore, there is Washington State precedent to suggest that the Commissioners had to utilize the prosecutor's office for their representation. Further, the time it takes Commissioners to meet and pass a resolution may very well surpass the 21 day deadline they have to answer the Complaint. It is not unethical for defense counsel to defend a client or protect their interests while the procedural obligations of authorizing counsel happen. Finally, there is nothing to suggest that Pederson is likely to be a necessary witness in this action. This is underscored by the fact that the Court has dismissed this action for lack of standing. For these reasons, Plaintiffs' arguments fail.

Accordingly, the Court DENIES Plaintiffs' Motions for Disciplinary Action.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 9, 2023.

Marsha J. Pechman
United States Senior District Judge