UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CODY R. HART, et al., | CASE NO. C23-0309JLR |
| Plaintiffs, | ORDER |
| v. | |
| RONALD G. WESEN et al., | |
| Defendants. | |

Before the court are *pro se*[1] Plaintiffs Cody Hart, Derrill Fussell, Kevin Ewing, Timothy Garrison, Steven Rindal, and Kathy LaFreniere's (collectively, "Plaintiffs") motions to strike (Mot. to Strike (Dkt. # 52)); for declaratory judgment (Decl. Mot. (Dkt. # 53)); and for a more definite statement (1st Mot. for Statement (Dkt. # 55); 2d Mot. for Statement (Dkt. # 61)). The court liberally construes these filings collectively as a

---

[1] Plaintiffs object to being referred to as "*pro se*" litigants and instead insist that they are appearing "*pro per*." (*See* Mot. to Strike (Dkt. # 4).) Federal courts, however, use the term "*pro se*" rather than the term "*pro per*" to refer to unrepresented litigants. *See Williams v. Yuen*, No. 14-cv-04507-EMC, 2016 WL 9110167, at *1 n.1 (N.D. Cal. May 13, 2016).

ORDER - 1

motion for relief from judgment under Federal Rule of Civil Procedure 60(b). *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed'[.]"). For the reasons stated below, the court DENIES Plaintiffs' motion.

Plaintiffs initiated this action on March 6, 2023, claiming that Defendants, a group of Skagit County Commissioners, did not deposit or have valid bonds after January 1, 2021—a requirement to maintain their roles in county government. (Compl. at 3.) On May 18, 2023, Judge Marsha J. Pechman dismissed Plaintiffs' complaint for lack of standing and subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (5/18/23 Order (Dkt. # 40) at 2-3; *see also* Fed. R. Civ. P. 12(b)(1).) Specifically, Judge Pechman concluded that Plaintiffs had not alleged an injury in fact sufficient to confer standing; to the contrary, they alleged only a generalized grievance. (5/18/23 Order at 2-3 (citing *Carney v. Adams*, --- U.S.---, 141 S. Ct. 493, 499 (2020) ("[A] plaintiff cannot establish standing by asserting an abstract 'general interest common to all members of the public,' . . . ." (quoting *Lance v. Coffman*, 549 U.S. 437, 440 (2007)).) Judge Pechman's order of dismissal granted Plaintiffs leave to amend the complaint to address the identified deficiencies within 30 days. (*Id.*) After Plaintiffs failed to file an amended complaint, Judge Pechman dismissed this action with prejudice and entered judgment in favor of Defendants. (8/7/23 Order (Dkt. # 42) at 2; Judgment (Dkt. # 44).)

Plaintiffs later filed three post-judgment motions seeking: (1) to "strike all unauthorized entries of 'Pro Se' made by the Court and the defendants in the record of this case" (Mot. to Strike at 3); (2) a declaratory judgment stating that "Skagit County

Defendant Officials bonds with RLI Insurance Company, as surety, are void, or voidable and voided, and of no legal force and effect" (Decl. Mot. at 3); (3) "a more definite statement regarding the insurance policies that cover the defense of the Defendants in the present action" (1st Mot. for Statement at 1); and (4) "a more definite statement" regarding Plaintiffs' "eighteen Requests for Judicial Notice" because the "lack of response from the Court" has "prevent[ed] Plaintiffs from framing responsive pleadings" (2d Mot. for Statement at 1-2).

Under Rule 60(b), the court may relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Plaintiffs' filings indicate their intent to continue litigating the merits of this action after entry of final judgment. To the extent that Plaintiffs' filings can be liberally construed as a request for relief from a final judgment under Rule 60(b) of the Federal Rules of Civil Procedure, Plaintiffs have not shown that they meet the any of the six grounds for relief in this case. Accordingly, the court DENIES Plaintiffs' motion for relief from judgment (Dkt. # 52, 53, 55, 61).

1  Dated this 3rd day of November, 2023.

_____
JAMES L. ROBART
United States District Judge

ORDER - 4