UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CODY R. HART, et al., | CASE NO. C23-0309JLR |
| Plaintiffs, | ORDER |
| v. | |
| RONALD G. WESEN, et al., | |
| Defendants. | |

Before the court is *pro se* Plaintiffs Cody Hart, Derrill Fussell, Kevin Ewing, Timothy Garrison, Steven Rindal, and Kathy LaFreniere's (collectively, "Plaintiffs") motion for reconsideration. (Mot. (Dkt. # 64).) The motion, however, does not specifically identify any order for this court to reconsider. (*See generally* Mot.) Instead, the motion seeks "relief from judgments as delineated in Dockets # 45, 47, 51, and 56." (Mot. at 1-2.) The cited docket entries are not court orders or judgments, but filings by various parties related to Defendant RLI Insurance Company's ("RLI") multiple requests for attorneys' fees in this matter. (*See* 1st Mot. for Fees (Dkt. # 45); Pl. 1st Resp. (Dkt.

ORDER - 1

1 | # 47); Pl. 2d Resp. (Dkt. # 51); 2d Mot. for Fees (Dkt. # 56).)  Plaintiffs' motion also
2 | appears to relate to the court's November 3, 2023 order denying Plaintiffs' motion for
3 | relief from judgment.  (*See* 11/3/23 Order (Dkt. # 63) at 1-2 (construing various
4 | post-judgment motions filed by Plaintiffs collectively as a motion for relief from
5 | judgment under Federal Rule of Civil Procedure 60(b) and denying the same); *see also*
6 | Mot. at 1 (citing Fed. R. Civ. P. 60(b)).)  Accordingly, the court construes the instant
7 | motion as either (1) an opposition to RLI's pending motion for attorneys' fees, or (2) a
8 | motion for reconsideration of the court's November 3, 2023 order denying Plaintiffs'
9 | motion for relief from judgment.  For the reasons discussed below, the court DENIES
10 | Plaintiffs' motion.[1]

11 | The court first addresses Plaintiffs' arguments concerning attorney's fees.  By way
12 | of background, RLI filed a motion for attorneys' fees on August 21, 2023, which the
13 | court struck without prejudice because RLI failed to properly serve Plaintiffs with a copy
14 | of the motion.  (*See* 1st Mot. for Fees; 10/2/23 Order (Dkt. # 50) at 2.)  On October 10,
15 | 2023, RLI renewed its motion for attorneys' fees, and that motion remains pending
16 | before the court.  (*See* 2d Mot. for Fees (noted for consideration on October 27, 2023).)
17 | The instant motion raises legal arguments related to attorney's fees and appears to oppose
18 | an award of attorneys' fees in RLI's favor.  (*See* Mot. at 2-3 (arguing that RCW 4.83.185,

---

[1] Plaintiffs' motion also includes a brief request that the court consider sanctioning "Defendants' counsel" pursuant to 28 U.S.C. § 1927 "for actions that unnecessarily and vexatiously multipl[ied] proceedings."  (Mot. at 3.)  But Plaintiffs make no argument in support of this request and do not even identify the conduct for which they seek sanctions.  (*See generally* Mot.)  Plaintiffs' motion is therefore denied to the extent that it can be construed as a motion for sanctions.

a Washington statute authorizing attorneys' fees, does not apply to this federal court action).) The court therefore construes Plaintiffs' motion for reconsideration as an untimely opposition to RLI's pending motion for attorneys' fees. Any opposition to RLI's motion was due no later than October 23, 2023. *See* Local Rules W.D. Wash. LCR 7(d) ("Any opposition papers shall be filed and served not later than the Monday before the noting date."). Accordingly, the court DENIES Plaintiffs' motion to the extent it asks this court to consider untimely arguments in opposition to RLI's motion for fees.

The court next addresses Plaintiffs' request for reconsideration of the court's November 3, 2023 order. In that order, the court noted that Plaintiffs' claims: (1) arose from allegations that various Skagit County officials failed to obtain official bonds as required by state law; (2) raised only a generalized grievance and therefore failed to articulate an injury-in-fact sufficient to confirm standing; and (3) had therefore been dismissed for lack of subject matter jurisdiction. (11/3/23 Order at 2.) The court denied Plaintiffs' motion for relief from judgment, concluding that Plaintiffs had failed to show they meet any of the six grounds for such relief under Federal Rule of Civil Procedure 60(b). (*Id.* at 3.) Plaintiffs now seek reconsideration of that determination based on newly discovered evidence and alleged fraud. (Mot. at 2.)

"Motions for reconsideration are disfavored," and the court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1). "Reconsideration is an extraordinary remedy," and the moving party bears a "heavy

burden." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Federal Rule of Civil Procedure 60(b) outlines six possible grounds for relief from a final judgment, including "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," and "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(2), (3). To obtain relief from judgment based on newly discovered evidence, the moving party must show that (1) the evidence "in fact constitutes newly discovered evidence within the meaning of Rule 60(b)," (2) "the moving party exercised due diligence to discover this evidence," and (3) the evidence is "of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 31 F.4th 1124, 1136 (9th Cir. 2022) (quoting *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003)). To obtain relief from judgment based on fraud, "the moving party must establish that a judgment was obtained by fraud, misrepresentation, or misconduct, and that the conduct complained of prevented the moving party from fully and fairly presenting the case." *In re M/V Peacock*, 809 F.2d 1403, 1404-05 (9th Cir. 1987).

Here, Plaintiffs seek reconsideration and relief from judgment based on newly discovered evidence that they claim "was not available prior to the [court's] ruling" and "could not have been discovered [earlier] with reasonable diligence." (Mot. at 2); Fed. R. Civ. P. 60(b)(2). Specifically, Plaintiffs describe "revelations" in a Skagit County Superior Court action which "highlight substantial violations of state and federal laws" by Defendant Richard Weyrich, "including the illegal appointment of deputies and

ORDER - 4

performing official duties without a valid official bond." (Mot. at 2 (citing Not. of Related Case (Dkt. # 64) (describing the "related case" in Skagit County Superior Court in which Mr. Hart, a plaintiff herein, petitioned for Mr. Weyrich's recall)).) Plaintiffs also seek reconsideration and relief from judgment based on alleged "fraud and misconduct" by Defendants "and their counsels," who Plaintiffs claim concealed the fact that Mr. Weyrich "and his deputies were operating without the necessary bonds and oaths of office." (*Id.*); Fed. R. Civ. P. 60(b)(3).

Plaintiffs identify neither manifest error in the court's prior order, nor facts or legal authority which could not have been brought to the court's attention earlier with reasonable diligence sufficient to warrant reconsideration. Local Rules W.D. Wash. LCR 7(h)(1). To start, Plaintiffs' "new evidence" does not in fact constitute newly discovered evidence within the meaning of Rule 60(b). *Trendsettah USA*, 31 F.4th at 1136. Plaintiffs point to nothing more than unproven allegations that Mr. Hart himself made in a separate lawsuit concerning Mr. Weyrich's supposed misconduct. But allegations are not evidence. *See, e.g.*, *Williams v. United States*, CV-17-0426-PHX-ROS (JFM), 2020 WL 4484516, *27 (D. Ariz. Mar. 23, 2020) ("[A]llegations are not evidence, and the entire purpose of a trial is to determine whether allegations are true or false.").

Plaintiffs also fail to demonstrate fraud within the meaning of Rule 60, which authorizes relief from judgment where the judgment was obtained through fraud and the moving party was prevented from fully and fairly presenting the case. *Peacock*, 809 F.2d at 1404-05. The court dismissed this matter and entered judgment against Plaintiffs because they lack standing sufficient to confer subject matter jurisdiction. (8/7/23 Order

1 (Dkt. # 42) at 1-2; Judgment (Dkt. # 44).)  The fraud alleged here is the supposed

2 "concealment of the fact that . . . [Mr.] Weyrich, and his deputies were operating without

3 the necessary bonds and oaths of office" (Mot. at 2), which neither shows that the

4 judgment was obtained through fraud nor that any such fraud prevented Plaintiffs from

5 fully and fairly presenting their case.  Accordingly, Plaintiffs are not entitled to

6 reconsideration of the court's November 3, 2023 order denying Plaintiffs' motion for

7 relief from final judgment.

8      For the foregoing reasons, the court DENIES Plaintiffs' motion (Dkt. # 64).

9      Dated this 28th day of November, 2023.

                                      JAMES L. ROBART
                                      United States District Judge