UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CODY R. HART et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>RONALD G. WESEN et al.,<br><br>    Defendants. | CASE NO. C23-0309JLR<br><br>ORDER |

## I.  INTRODUCTION

Before the court is Defendant RLI Insurance Company's ("RLI") renewed motion for attorney's fees.  (2d Fee Mot. (Dkt. # 56).)  Although *pro se* Plaintiffs Cody Hart, Derrill Fussell, Kevin Ewing, Timothy Garrison, Steven Rindal, and Kathy LaFreniere (together, "Plaintiffs") opposed RLI's previous motion for attorney's fees (*see* Resp. (Dkt. # 47); Mem. (Dkt. # 51)); *see also* 1st Fee Mot. (Dkt. # 45) (stricken)), Plaintiffs failed to timely file an opposition to the instant, renewed fee motion.  (*See generally* Dkt.; *see also* 11/28/23 Order (Dkt. # 66) at 1-3 (construing Plaintiffs' November 16, 2023

ORDER - 1

1  motion for reconsideration as an untimely response to RLI's renewed fee motion, and
2  denying the same "to the extent it ask[ed] this court to consider untimely arguments in
3  opposition to RLI's motion for fees").)  Accordingly, RLI's renewed motion for
4  attorney's fees is unopposed.  The court has considered RLI's submissions, the relevant
5  portions of the record, and the applicable law.  Being fully advised,[1] the court DENIES
6  RLI's motion.

## II.   BACKGROUND

RLI seeks an award of attorney's fees and costs based on what it describes as Plaintiffs' "broader, legally unjustified pattern and practice to harass Skagit County and RLI." (2d Fee Mot. at 2.)  The court begins by setting forth the relevant background of this consolidated action before describing Plaintiffs' other litigation efforts in both state and federal court.

### 1. The Instant Action

On or around March 6, 2023, Plaintiffs initiated three related cases against various Skagit County employees and RLI (collectively, "Defendants") in the Western District of Washington. (Compl. (Dkt. # 1) at 1; 4/10/23 Order (Dkt. # 17) at 2.)  Those cases were eventually consolidated into the instant action based on common questions of law and fact, with United States District Judge Marsha J. Pechman presiding. (4/10/23 Order at 2-3.)  Plaintiffs' claims arise from allegations that the named Skagit County employees failed to timely deposit official bonds with the Skagit County Clerk as required by statute

---

[1] No party has requested oral argument, and the court has determined that oral argument would not be helpful to its disposition of the motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

1  and therefore vacated their elected government offices.  (Compl. at 3-5.)  RLI describes
2  this as Plaintiffs' "bond theory."  (2d Fee Mot. at 2.)  Plaintiffs apparently named RLI in
3  this action because RLI bonded certain individual defendants and Plaintiffs sought "to
4  recover against RLI's bonds."  (*Id.*)

5  Defendants moved to dismiss the complaint.  (MTD (Dkt. # 10).)  On May 18,
6  2023, Judge Pechman granted Defendants' motion, concluding that (1) Plaintiffs asserted
7  only a generalized grievance and therefore failed to articulate an injury in fact sufficient
8  to confer standing (5/18/23 Order (Dkt. # 40) at 2-3 (citing Fed. R. Civ. P. 12(b)(1)
9  (authorizing dismissal for lack of subject matter jurisdiction))), and (2) Plaintiffs' second,
10 third, sixth, and seventh claims failed to state a claim upon which relief could be granted
11 (*id.* at 4-5 (citing Fed. R. Civ. P. 12(b)(6) (authorizing dismissal for failure to state a
12 claim)).)  Judge Pechman's order of dismissal granted Plaintiffs leave to amend the
13 complaint to address the identified deficiencies within 30 days.  (*Id.*)  After Plaintiffs
14 failed to file an amended complaint, Judge Pechman dismissed this action with prejudice
15 and entered judgment in favor of Defendants on August 9, 2023.  (8/7/23 Order (Dkt.
16 # 42) at 2; Judgment (Dkt. # 44).)

17 Shortly after entry of final judgment, RLI filed a motion for attorney's fees.  (1st
18 Fee Mot).)  Plaintiffs—who are not registered for electronic service through the CM/ECF
19 system—opposed RLI's motion, arguing they were never served with a copy of the
20 motion as required by Federal Rule of Civil Procedure 5.  (Resp. at 1 (citing Fed. R. Civ.
21 P. 5(a)(1)(D) (requiring that written motions be served upon every party)); *see also* Mem.
22 (raising additional arguments in opposition to RLI's first fee motion).)  Judge Pechman

struck RLI's motion without prejudice based on improper service.  (10/2/23 Order (Dkt. # 50) at 2.)

This matter was later reassigned to the undersigned on November 1, 2023. (11/1/23 Min. Order (Dkt. # 62).)  At the time of reassignment, Plaintiffs had filed several post-judgment motions that remained pending.  These included a motion to strike (Mot. to Strike (Dkt. # 52)), a motion for declaratory judgment (Decl. Mot. (Dkt. # 53)), and two motions for a more definite statement (1st Mot. for Statement (Dkt. # 55); 2d Mot. for Statement (Dkt. # 61)).  The undersigned construed Plaintiffs' pending motions collectively as a motion for relief from final judgment, which the court denied.  (11/3/23 Order (Dkt. # 63) at 3 (concluding Plaintiffs had not shown that they meet any of the six possible grounds for relief under Federal Rule of Civil Procedure 60(b)).)  Plaintiffs filed a motion for reconsideration (Mot. for Recon. (Dkt. # 64)), which the court construed as either (1) a motion for reconsideration of the court's November 3, 2023 order denying Plaintiffs' motion for relief from judgment, or (2) an opposition to RLI's pending motion for attorney's fees.  (11/28/23 Order at 1-2.)  The court denied that motion, noting that Plaintiffs failed to show reconsideration was warranted and that the court would not "consider untimely arguments in opposition to RLI's motion for fees."  (*Id.* at 3.)

Still pending before the court is the instant, renewed motion for attorney's fees, which RLI filed on October 10, 2023.  (*See generally* 2d Fee Mot.)  RLI argues that Plaintiffs' conduct "is part of a broader, legally unjustified pattern and practice to harass Skagit County and RLI," citing multiple lawsuits brought by the same Plaintiffs alleging similar claims against overlapping defendants in both state and federal court.  (*Id.* at 2-5.)

RLI asserts that "Plaintiff[s'] actions were frivolous, advanced without reasonable cause, not well grounded in fact, not warranted by existing law, and were intended to harass and oppress RLI." (*Id.* at 1.) RLI seeks an award of attorney's fees and costs incurred in defending this consolidated action and in bringing the instant motion pursuant to RCW 4.84.185, 28 U.S.C. § 1927, and this court's inherent equitable powers. (*Id.*) In total, RLI seeks an award of $13,080.00. (*Id.* at 2.) The motion does not address whether this court may award attorney's fees in the absence of subject matter jurisdiction. (*See generally* 2d Fee Mot.) Plaintiffs failed to timely respond to RLI's motion, and the court therefore considers the motion unopposed. (*See generally* Dkt.; 11/28/23 Order at 1-3; *see also* Decl. of Serv. (Dkt. # 58) (certifying that RLI served Plaintiffs with a copy of the motion and attachments by email and U.S. Mail).)

    2.  <u>Other Litigation</u>

Plaintiff Cody Hart first asserted the bond theory in Snohomish County Superior Court. (2d Fee Mot. at 3.) RLI was not named in that action. (*Id.*) Mr. Hart moved for summary judgment, which the state court denied, concluding that the named Skagit County defendants had properly obtained bonds. (*Id.*) The state court dismissed the case and awarded sanctions in favor of the defendants on April 13, 2023. (*Id.*)

After filing the three instant consolidated federal cases in March 2023, Plaintiffs then filed another federal complaint on April 3, 2023 alleging the bond theory against a Skagit County sheriff, prosecuting attorney, Skagit County, and RLI. Complaint, *Hart et al. v. McDermott et al.*, No. C23-0503MJP (W.D. Wash. Apr. 3, 2023), Dkt. # 1. Plaintiffs filed numerous motions in that action, the volume of which prompted Judge

Pechman to stay the case in order to clear the backlog of pending motions. Order Staying Case, *McDermott*, No. C23-0503MJP (W.D. Wash. Aug. 7, 2023), Dkt. # 39. Judge Pechman later determined that Plaintiffs lacked standing and failed to state a claim, granted the defendants' motion to dismiss, and entered final judgment in favor of the defendants. Order Granting Motion to Dismiss, *McDermott*, No. C23-0503MJP (W.D. Wash. Aug. 31, 2023), Dkt. # 43; Judgment, *McDermott*, No. C23-0503MJP (W.D. Wash. Aug. 31, 2023), Dkt. # 44. Following entry of final judgment, Judge Pechman granted RLI's motion for attorney's fees, noting that Plaintiffs "brought a frivolous action," they "likely did so to harass county officials and RLI" and thus acted in "bad faith," and that "[t]he volume of both cases and motions made by Plaintiffs to advance meritless causes of action [could not] be ignored." Order Granting Motion for Attorney's Fees at 4-5, *McDermott*, No. C23-0503MJP (W.D. Wash. Oct. 30, 2023), Dkt. # 47. RLI received an award totaling $3,115.00. *Id.*

Separate from their bond theory, Plaintiffs filed yet another federal lawsuit in March 2023 against various Skagit County officials and RLI—this time raising allegations related to local elections. Complaint, *Hart et al. v. Perkins et al.*, C23-0404RSL (W.D. Wash. Mar. 17, 2023), Dkt. # 1. The complaint alleged that the named Skagit County defendants had neglected to properly perform their duties through the 2016-2019 election cycles. *Id.* at 3. Judge Robert S. Lasnik granted the defendants' motion to dismiss, concluding that Plaintiffs lacked standing and failed to state a claim. Order Granting Motion to Dismiss, *Perkins*, C23-0404RSL (W.D. Wash. Sept. 14, 2023), Dkt. # 53. Judge Lasnik entered judgment in favor of the defendants on September 18,

2023.  Judgment, *Perkins*, C23-0404RSL (W.D. Wash. Sept. 18, 2023), Dkt. # 54.  RLI filed a post-judgment motion for attorneys' fees, which Judge Lasnik denied.  Order Denying Motion for Fees, *Perkins*, C23-0404RSL (W.D. Wash. Nov. 3, 2023), Dkt. # 68 (concluding that fees were not authorized under RCW 4.84.185, that RLI failed to identify unreasonable or vexatious conduct during the litigation meriting an award of fees under 28 U.S.C. § 1927, and declining to award fees pursuant to the court's inherent powers because Plaintiffs had never previously raised their election-related claims and therefore did not abuse the judicial process).

### III.   ANALYSIS

This court may raise jurisdictional issues *sua sponte*.  *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008).  In general, "[a] court that lacks jurisdiction at the outset of a case lacks the authority to award attorneys' fees." *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 837 (9th Cir. 2007).  The Ninth Circuit uses a two-part test to determine whether a district court can award attorneys' fees when the underlying action is dismissed for lack of subject matter jurisdiction:  "(1) Does the fee-shifting provision contain an independent grant of subject matter jurisdiction?  (2) If so, did the winning party 'prevail?'"  *Amphastar Pharms. Inc. v. Aventis Pharma SA*, 856 F.3d 696, 709 (9th Cir. 2017) (citing *Branson v. Nott*, 62 F.3d 287, 293 (9th Cir. 1995)).  In determining whether the fee-shifting provision contains an independent grant of jurisdiction, courts look to the text and structure of the statute.  *Id.* at 710.  A party need not obtain a favorable ruling on the merits to be considered a prevailing party.  *Id.*

Because RLI seeks an award of attorney's fees in an action that was dismissed for lack of subject matter jurisdiction, the court must determine whether such an award is authorized. RLI raises three possible bases for a fee award. (2d Fee Mot. at 1 (citing RCW 4.84.185, 28 U.S.C. § 1927, and the court's inherent equitable powers).) Below, the court addresses each basis in turn.

**A.   RCW 4.84.185**

RLI first seeks an award of attorney's fees pursuant to RCW 4.84.185. (2d Fee Mot. at 6-8.) The court concludes that RCW 4.84.185 does not contain an independent grant of subject matter jurisdiction. The statute provides that, "[i]n any civil action, *the court having jurisdiction* may, upon written findings by the judge that the action, . . . was frivolous and advanced without reasonable cause," award attorney's fees to the prevailing party. RCW 4.84.185 (emphasis added). The text of the statute does not confer jurisdiction and instead plainly authorizes a fee award only where the court already possesses jurisdiction. *See id*; *see also Stearns v. Stearns*, C22-1579RSL, 2023 WL 3172468, at *3 & n.2 (W.D. Wash. May 1, 2023) (reaching the same conclusion and collecting cases that stand for the proposition that "[f]undamentally, if this Court lacks jurisdiction to hear claims brought under Washington law, it also lacks jurisdiction to entertain a request for fees pursuant to state law"). The court therefore declines to issue a fee award under RCW 4.84.185.

**B.   28 U.S.C. § 1927**

RLI next seeks an award of attorney's fees pursuant to 28 U.S.C. § 1927. (2d Fee Mot. at 9-10.) The court is unaware of any precedential authority holding that 28 U.S.C.

1 | § 1927 contains an independent grant of subject matter jurisdiction.  Even assuming that
2 | 28 U.S.C. § 1927 independently authorizes a fee award in the absence of subject matter
3 | jurisdiction, the court nevertheless declines to award fees pursuant to this statute.  The
4 | statute provides that "[a]ny attorney . . . who so multiplies the proceedings in any case
5 | unreasonably and vexatiously may be required by the court to satisfy personally the
6 | excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."
7 | 28 U.S.C. § 1927.  While courts may impose sanctions under 28 U.S.C. § 1927 upon *pro*
8 | *se* litigants, *Wages v. IRS*, 915 F.2d 1230, 1235-36 (9th Cir. 1990), the statute "applies
9 | only to unnecessary filings and tactics once a lawsuit has begun" and "cannot be applied
10 | to an initial pleading." *In re Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d 431, 435 (9th Cir.
11 | 1996).  In addition, sanctions under 28 U.S.C. § 1927 must be supported by a finding of
12 | subjective bad faith.  *Id.* at 436.  "Bad faith is present when an attorney knowingly or
13 | recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of
14 | harassing an opponent." *Id.* (quoting *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th
15 | Cir. 1986)).
16 |      RLI argues sanctions are warranted under 28 U.S.C. § 1927 because "Plaintiffs'
17 | claims and litigation conduct were objectively unreasonable, without factual or legal
18 | basis, and Plaintiff[s] demonstrated a disregard for the orderly process of justice."  (2d
19 | Fee Mot. at 10.)  But the court cannot sanction Plaintiffs based on their initial claims; RLI
20 | must identify post-complaint conduct that "unreasonably and vexatiously" caused RLI to
21 | incur excess fees in this action.  28 U.S.C. § 1927; *see Keegan*, 78 F.3d at 435.
22 | According to RLI, Plaintiffs' allegedly vexatious and unreasonable litigation conduct

included the filing of numerous meritless motions, for example a motion for default "even though all Defendants filed notices of appearance and responded to the Complaint." (*Id.* at 4.) While it is true that Plaintiffs filed numerous motions, most if not all of which were denied, the court concludes that this does not reflect bad faith on the part of Plaintiffs and is more reflective of their *pro se* status. Moreover, a review of the record reveals that RLI filed just one response brief throughout the entire pendency of this action. (*See* 5/15/23 Resp. (Dkt. # 39); *see generally* Dkt.) RLI therefore did not incur "excess costs, expenses, and attorneys' fees" due to Plaintiffs' litigation conduct in this action. 28 U.S.C. § 1927.

## C. The Court's Inherent Power

Lastly, RLI seeks a fee award pursuant to this court's inherent powers. (2d Fee Mot. at 8-9.) "The inherent powers of federal courts are those that 'are necessary to the exercise of all others.'" *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)). These powers include the power to levy a contempt sanction "to 'protect the due and orderly administration of justice' and 'maintain the authority and dignity of the court.'" *Id.* (brackets omitted) (quoting *Cooke v. United States*, 267 U.S. 517, 539 (1925)). "[S]anctions under the court's inherent powers may take the form of attorney's fees." *Id.*

Although neither the Supreme Court nor the Ninth Circuit appear to have addressed whether a district court lacking subject matter jurisdiction may nevertheless

//

//

1  award attorney's fees pursuant to the court's inherent powers,[2] the Second Circuit has
2  suggested that such an award is permissible, though in a slightly different context. *See*
3  *Schlaifer Nance & Co., Inc. v. Est. of Warhol*, 194 F.3d 323, 333 (2d Cir. 1999). In
4  *Schlaifer*, the Second Circuit had issued its mandate in the underlying case and thus there
5  remained no live case or controversy when the district court exercised its inherent
6  authority to impose sanctions. *Id.* at 333. The appellate court nonetheless held that "[t]he
7  District Court clearly had jurisdiction to impose sanctions irrespective of the status of the
8  underlying case because the imposition of sanctions is an issue collateral to and
9  independent from the underlying case." *Id.* (citing *Cooter & Gell v. Hartmarx Corp.*,
10 496 U.S. 384, 395-96 (1990) ("[A] federal court may consider collateral issues after an
11 action is no longer pending," including motions for costs, attorney's fees, contempt
12 sanctions, and Rule 11 sanctions because they are "not a judgment on the merits of an
13 action.")). "Thus, even when a district court lacks subject matter jurisdiction over an
14 underlying action, it still possesses jurisdiction to impose sanctions arising from the
15 underlying case." *Id.* (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 137-39 (1992)). But
16 even assuming the Second Circuit's reasoning could apply here, this court declines to
17 exercise its inherent power in this case.
18 //

19

20  [2] The Supreme Court expressly declined to address this question in *Willy v. Coastal Corp.*, 503 U.S. 131, 139 n.5 (1992) ("Our conclusion that the District Court acted within the
21  scope of the Federal Rules and that the [Rule 11] sanction may constitutionally be applied even when subject-matter jurisdiction is eventually found lacking makes it unnecessary for us to
22  consider respondent's alternative contention that the sanction may be upheld as an appropriate exercise of the District Court's 'inherent powers.'").

1      "Because of their very potency, inherent powers must be exercised with restraint
2   and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). "[S]anctions should
3   be reserved for the 'rare and exceptional case where the action is clearly frivolous, legally
4   unreasonable or without legal foundation, or brought for an improper purpose.'" *Primus*
5   *Auto. Fin. Servs.*, 115 F.3d at 649 (quoting *Operating Eng'rs Pension Tr. v. A-C Co.*, 859
6   F.2d 1336, 1344 (9th Cir. 1988)). And "[b]efore awarding sanctions under its inherent
7   powers, . . . the court must make an explicit finding that counsel's conduct 'constituted or
8   was tantamount to bad faith.'" *Id.* at 648 (quoting *Roadway Express*, 447 U.S. at 767).
9   As noted, bad faith is present "where an attorney 'knowingly or recklessly raises a
10  frivolous argument, or argues a meritorious claim for the purpose of harassing an
11  opponent.'" *Id.* at 649 (quoting *Keegan*, 78 F.3d at 436). "The bad faith requirement sets
12  a high threshold." *Id.*

13      Here, RLI cites Plaintiffs' "broader, legally unjustified pattern and practice to
14  harass Skagit County and RLI" as justification for a fee award pursuant to this court's
15  inherent power. (2d Fee Mot. at 2.) RLI argues "[t]here is no tenable excuse Plaintiffs
16  can offer for having vexatiously and in bad faith pursued the same frivolous claims that
17  they have litigated over and over again in state court and federal court." (Mot. at 9.) The
18  *pro se* Plaintiffs appear to have indeed undertaken a comprehensive effort to pursue
19  various claims against Skagit County officials in multiple actions, courts, and
20  jurisdictions. But the court declines to find that Plaintiffs' conduct meets the "high
21  threshold" of bad faith. *Primus Auto. Fin. Servs.*, 115 F.3d at 649. Notably, they did not
22  assert their state court claims against RLI. (2d Fee Mot. at 3.) Their federal claims

before Judge Lasnik concerned elections and were therefore unique and distinct from the claims here, where Plaintiffs advanced their bond theory. *See* Order Denying Motion for Fees at 3-4, *Perkins*, C23-0404RSL (W.D. Wash. Nov. 3, 2023), Dkt. # 68. And while the claims in this action somewhat overlap with Plaintiffs' claims in *McDermott*, *see* Complaint, *McDermott.*, No. C23-0503MJP (W.D. Wash. Apr. 3, 2023), Dkt. # 1, the court is not persuaded that this is the "rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Primus Auto. Fin. Servs.*, 115 F.3d at 649 (quoting *Operating Eng'rs Pension Tr.*, 859 F.2d at 1344). In light of the Supreme Court's instruction that "inherent powers must be exercised with restraint and discretion," *Chambers*, 501 U.S. at 44, the court declines to invoke its inherent powers to sanction Plaintiffs in this case.

## IV.   CONCLUSION

For the foregoing reasons, the court DENIES RLI's motion for attorney's fees and costs (Dkt. # 56).

Dated this 4th day of December, 2023.

JAMES L. ROBART
United States District Judge