1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| CODY R. HART, et al., | CASE NO. C23-0309JLR |
|---|---|
| Plaintiffs, | ORDER |
| v. | |
| RONALD G. WESEN, et al., | |
| Defendants. | |

Before the court are *pro se* Plaintiffs Cody Hart, Derrill Fussell, Kevin Ewing, Timothy Garrison, Steven Rindal, and Kathy LaFreniere's (collectively, "Plaintiffs") motions "for reconsideration in light of newly-discovered evidence" (1st Mot. (Dkt. # 68)), and "for criminal referral in light of newly-discovered evidence" (2d Mot. (Dkt. # 69)).  The court liberally construes these filings together as a motion for relief from judgment under Federal Rule of Civil Procedure 60.  (*See* 1st Mot. at 1 (asserting

//
//

ORDER - 1

Plaintiffs bring the motion under Federal Rule of Civil Procedure 60(b) and (d)).)[1]  For the reasons stated below, the court DENIES Plaintiffs' motion.

By way of background, Plaintiffs initiated this action on March 6, 2023, claiming that Defendants, a group of Skagit County Commissioners, did not deposit or have valid bonds after January 1, 2021—a requirement to maintain their roles in county government. (Compl. (Dkt. # 1) at 3.)  District Judge Marsha J. Pechman dismissed the matter because Plaintiffs failed to allege a particularized injury-in-fact sufficient to confer standing and the court therefore lacked subject matter jurisdiction.  (5/18/23 Order (Dkt. # 40) at 2-3; *see also* 8/7/23 Order (Dkt. # 42) at 2 (dismissing with prejudice after Plaintiffs failed to file an amended complaint).)  Judgment was entered nearly nine months ago on August 9, 2023.  (Judgment (Dkt. # 44).)  The matter was then transferred to the undersigned (11/1/23 Min. Order (Dkt. # 62)), and the court denied several post-judgment motions filed by Plaintiffs.  (*See* 11/3/23 Order at 3 (denying motion for relief from judgment because Plaintiffs failed to show "that they meet the any of the six grounds for relief" under Rule 60(b)); 11/28/23 Order (Dkt. # 66) at 4-6 (denying reconsideration on the basis of "newly discovered evidence" that amounted "to nothing more than unproven

---

[1] To the extent Plaintiffs bring a motion to alter or amend the judgment (*see* 1st Mot. at 1 (citing Fed. R. Civ. P. 59(e))), the motion is denied as untimely.  *See* Fed. R. Civ. P. 59(e) (requiring such motions be brought within 28 days of judgment); (*see also* Judgment (Dkt. # 44) (entered August 9, 2023).)  To the extent Plaintiffs seek reconsideration of prior orders entered well over 14 days ago (*see* 1st Mot. at 1 (seeking "reconsideration" of orders denying motions for disciplinary action)), the motion is also denied as untimely.  *See* Local Rules W.D. Wash. LCR 7(h) (requiring motions for reconsideration be brought within 14 days of the challenged order); (*see generally* Dkt. (no docket activity within the 14 days preceding Plaintiffs' latest filings).)

allegations that Mr. Hart himself made in a separate lawsuit," and because Plaintiffs failed to demonstrate fraud).)

In the instant filings, Plaintiffs again seek relief from judgment on the basis of newly discovered evidence and fraud. (*See generally* 1st Mot.) The evidence comprises information obtained through public records requests and correspondence with Skagit County officials that allegedly shows Defendant Lisa Janicki "was an unqualified candidate" for public office. (*Id.* at 3.) But Plaintiffs fail to show they could not have discovered this evidence sooner with reasonable diligence, as required by Federal Rule of Civil Procedure 60(b)(2). (*See generally* 1st Mot.; 2d Mot.) Even if Plaintiffs could make this showing, the evidence is immaterial; this matter was dismissed for lack of standing, and Plaintiffs' evidence has no bearing on that issue. Nor does the evidence show that the judgment was obtained through fraud, as required by Federal Rule of Civil Procedure 60(b)(3) and (d)(3). As this court first observed several months ago, "Plaintiffs' filings indicate their intent to continue litigating the merits of this action after entry of final judgment." (11/3/23 Order at 3.) Plaintiffs' latest filings are no different, they are entirely lacking in merit, and they are not well taken.

Accordingly, Plaintiffs' motions are DENIED (Dkt. ## 68-69), and the Clerk is DIRECTED not to accept any further filings from Plaintiffs in this closed case.

Dated this 30th day of April, 2024.

JAMES L. ROBART
United States District Judge